1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

GYS JANSEN VAN BEEK, and all others
similarly situated,

         Plaintiff,

         v.

AG-CREDIT BONUS PARTNERS, AND
INFORMAL ENTERPRISE AFFECTING
INTERSTATE COMMERCE; LARRY
WESTBERG; WILLIAM CASSELL; WAYNE
CADA; EDWARD J. LODGE; DAVID
MEYER; ANDREA M. POGUE; and all others
who are similarly situated to Lodge, Meyer, and
Pogue who use their positions for purposes of
racketeering,

         Defendants.

Case No.  C05-475RJB

ORDER

      This comes before the court on review of the file.  The undersigned received notice of the

pending assignment, and thoroughly reviewed the file and worked on the pending motions many days

before receiving formal assignment of this case (Dkt. 76).  There are a number of undecided motions

that are ripe for decision.  The court is fully advised, and will grant or deny all pending motions for

the reasons stated below:

      1.  Defendant Andrea M. Pogue's Motion for Extension of Time (Dkt. 7).  This motion was

filed on 15 December 2005.  The extended time requested has long since passed and the motion is

1    DENIED as moot (Dkt. 7).

2        2.  Motion to Dismiss (Dkt. 8) and Motion to Dismiss (Dkt. 10).  These motions were filed

3    by named defendants Larry Westberg (Paul L. Westberg)(Dkt. 8) and named defendant William

4    Cassell (Dkt. 10).  Both motions attacked the sufficiency of service.  The record shows no adequate

5    proof of service on either defendant under Federal Rules of Civil Procedure  4 (e) & (m) and Idaho

6    Rules of Civil Procedure 4(d)(2).  Accordingly, both of these motions are GRANTED (Dkts 8 & 10)

7    and Larry Westberg (Paul L. Westberg) and William Cassell are DISMISSED from this case.

8        3.  Plaintiff's Motion to Strike Robert C. Grisham's So-Called Federal Defendants Motion to

9    Stay Discovery and Motion for an Extension of Time to Answer Gys Van Beek's Motion for

10    Summary Judgment (Dkt. 61).  This motion is MOOT.  The "federal defendants" Motion to Stay

11    Discovery and for an Extension of Time to Answer Plaintiff's Motion for Summary Judgment have

12    been ruled upon; this motion is therefore DENIED (Dkt. 61).

13        4.  Plaintiff's "Mandatory Judicial Notice Under Authority of F.R.E., r 201(d)." (Dkt. 62)

14    This "notice" is apparently a request that the court vacate an order issued by Judge Van Sickle (Dkt.

15    54), which granted a motion to stay and for extension of time.  The subject order was procedural

16    rather than substantive, and plaintiff's complaints about the order do not raise issues sufficient to

17    justify vacation of the order.  The motion contained in the "Notice" is DENIED (Dkt. 62).

18        5. Plaintiff's Motion to Vacate Order of July 20th 2006 (Dkt. 59).  This motion is similar to

19    the "Notice" filed under Docket No. 62.  Judge Van Sickle's order of 20 July 2006 (Dkt. 54) is

20    procedural rather than substantive and there is no basis shown justifying vacation of said order.  The

21    Motion to Vacate the Order is DENIED (Dkt. 59).

22        6.  Plaintiff's Petitions in Nature of a Petition for a Writ of *Quo Warranto* (Dkt. 68).  This

23    petition amounts to an amended complaint or an attempt at joinder of a new claim and party.  It is

24    against a party not named as a defendant (Judge Fred Van Sickle) and raises issues not covered in or

25    related to the original Complaint.  It does not comply with either Federal Rule of Civil Procedure 19

26    or 20. Judge Van Sickle is no longer assigned to this case.  The petition does not state a claim upon

1  which relief may be granted.  The Petition for Writ of *Quo Warranto* is a nullity, and is denied (Dkt.

2  68).

3      7.  Petition for Declarations Under Authority of 28 U.S.C. § 2201 "Creation of Remedy"

4  (Dkt. 63) and Defendant Cada's Motion to Strike the Petition for Declaration (Dkt. 64).  This

5  petition also amounts to an attempt to amend the Complaint by adding a prayer for declaratory

6  judgment relief.  Furthermore, it is a format unknown to the court and outside of the general rules of

7  pleading.  It does not comply with the requirements of Federal Rules of Civil Procedure 7 or 8 and is

8  of no force or effect whatsoever.  Even if an additional prayer for declaratory judgment is allowed to

9  stand, it does not affect the rulings on the other motions discussed herein, which dismiss the case.

10  Accordingly, the Petition for Declarations for is DENIED (Dkt. 63) and Defendant Cada's Motion to

11  Strike the Petition for Declaration is GRANTED (Dkt. 64).

12      8.  Wayne Cada's Motion to Dismiss (Dkt. 43) and Plaintiff's Motion to Strike Wayne

13  Cada's Motion to Dismiss (Dkt. 48).  First, it appears that plaintiff and defendant Cada are in

14  agreement that the affidavit of John A. Bailey, Jr. (Dkt. 43-3) should be STRICKEN, and it is so

15  ORDERED.

16      Defendant Cada's Motion to Dismiss is timely.  It amounts to a motion for judgment on the

17  pleadings under Federal Rule of Civil Procedure 12(c), even though it was first couched as a motion

18  brought under Federal Rule of Civil Procedure 12(b)(6).  In any event, the motion is timely under

19  Federal Rule of Civil Procedure 12(h)(2).

20      A careful reading of the Complaint indicates that plaintiff has not stated a claim against Mr.

21  Cada upon which relief can be granted.  The allegations in the Complaint show clearly that the

22  statute of limitations has run on plaintiff's claims against Mr. Cada.  It also appears clear that the

23  Complaint, insofar as it alleges fraud, does not "state with particularity the circumstances

24  constituting fraud . . ."  Accordingly, defendant Wayne Cada's Motion to Dismiss is GRANTED

25  (Dkt. 43) and Plaintiff's Motion to Strike is DENIED (Dkt. 48).  The defendant Cada is dismissed

26  from this case.

1       <u>9.  Federal Defendants' Motion to Dismiss (Dkt. 31)</u>[1].  This motion is made on behalf of

2   defendants Lodge, Meyer and Pogue.

3       First, the file does not reflect legally sufficient service of process on these defendants and

4   dismissal is justified on that basis.

5       Second, defendant Edward J. Lodge is a United States District Judge.  Plaintiff refers to him

6   as "Judge Lodge" in the Complaint.  He is absolutely immune from all liability arising out of official

7   conduct.  The Complaint does not allege that Judge Lodge took action outside of his judicial

8   capacity or in the absence of jurisdiction.  He should be dismissed from the case on the basis of

9   judicial immunity.

10      Third, defendant Andrea M. Pogue is protected by the doctrine of absolute prosecutorial

11  immunity, and it appears from the Complaint that all claims against her are based upon actions she

12  took as an Assistant United States Attorney.  The Complaint against her should be dismissed on that

13  basis.

14      Fourth, a careful reading of the Complaint indicates that all claims, including RICO claims,

15  made in the Complaint are barred by the statute of limitations, and that plaintiff has not stated any

16  claim against these defendants upon which relief can be granted.  Plaintiff's attempt to bring a current

17  claim against defendant Lodge, by alleging an act on August 26, 2002 (plaintiff's Complaint, at 8) is

18  unavailing.  Plaintiff's statement, which mirrors allegations of occurrences on January 19, 1994, but

19  provides no detail and is totally a conclusory statement, does not cause the statute of limitations to

20  be extended.

21

22      [1]The court is aware that plaintiff has claimed that there is no proof of the federal occupations

23  of defendants Lodge, Meyer and Pogue.  The court can take judicial notice of their federal employee
    status based upon on Evidence Rule 201, because the fact of their employment is not subject to

24  reasonable dispute, in that it is both generally known within the District of Idaho and is "capable of
    accurate and ready determination by resort to sources whose accuracy can not  reasonably be

25  questioned."  This court takes judicial notice of the federal employee status of these defendants
    pursuant to Rule 201(c).  In the event that plaintiff has contrary information, he may request an

26  opportunity to be heard on this issue in accord with Evidence Rule 201(e).

1    Fifth, it also appears that the Complaint fails to adequately allege a claim under 18 U.S.C. §

2    1962(c) and § 1964 under the heightened pleading requirement for RICO claims.  *See* Memorandum

3    in Support of Federal Defendants' Motion to Dismiss (Dkt. 31-2, pages 8-15).  The Complaint also

4    fails to adequately "state with particularity the circumstances constituting fraud" as required by

5    Federal Rule of Civil Procedure 9(b).

6    For all of the foregoing reasons, the Federal Defendants' Motion to Dismiss is GRANTED

7    (Dkt. 31) and Defendants Edward J. Lodge, David Meyer and Andrea M. Pogue are DISMISSED

8    from this case.

9    9.  The court notes that named in the Complaint are "Ag-credit bonus partners" and "all

10   others who are similarly situated to Lodge, Meyer and Pogue . . ."  This is not a class action and

11   neither "Ag-credit bonus partners" nor "all others who are similarly situated" have been impleaded in

12   this case, nor have they been served, and, accordingly, the Complaint, insofar as it alleges claims

13   against Ag-credit bonus partners and "all others who are similarly situated" are hereby DISMISSED.

14   All motions having been ruled upon as stated above, and all defendants having been

15   dismissed, it is now ORDERED that this case and plaintiff's claims are DISMISSED WITH

16   PREJUDICE.

17   The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of

18   record and to any party appearing *pro se* at said party's last known address.

19   DATED this 9th day of April, 2008.

20

21                                    ROBERT J. BRYAN

22                                    United States District Judge

23

24

25

26